Coots et ux., Appellants, v. Lauffer.

Argued April 30, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Thomas M. Marshall*, and with him *Charles G. Notari* and *Marshall & Marshall*, for appellant.— Where a plaintiff's case depends upon oral testimony, it must be submitted to the jury even though the evidence is clear and indisputable: Coyne v. Lackawanna County, 53 Pa. Superior Ct. 603; Kennelly v. Waropoyak, 266 Pa. 94.

*William A. Challener*, and with him *William A. Challener, Jr.*, for appellee.—No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man: Titus v. Bradford R. R. Co., 136 Pa. 618; Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625.

216

Opinion by Keller, J., July 10, 1930:

This was an action by a husband and wife against a surgeon for malpractice following the removal of the wife's tonsils. There was no evidence presented of any negligence or malpractice by the defendant in the removal of the tonsils; the chief complaint was that he permitted the wife plaintiff to be taken home twenty hours after the operation, and when her throat was in a greatly swollen condition. A specialist who attended her later and performed several subsequent operations on her throat, testified that he did not send his patients home until thirty hours after the operation, and that he did not think a doctor who knew of her condition should have permitted her to leave while in that condition.

The difficulty with the plaintiffs' case is that there is no evidence that the wife's subsequent condition, which necessitated several additional operations and caused her much pain, suffering and inconvenience, was due in any degree to her leaving the hospital the morning after the operation or to any neglect on the part of the defendant. Her own expert physician testified that this condition was due to an infection in the tonsils rather than anything else. No one in the case ventured the opinion, or even made a suggestion, that the infection and the resulting swelling, the discharge of pus and the sloughing in the throat was caused by, or dependent on, the fact that the plaintiff left the hospital twenty hours after the operation rather than thirty, or any negligence in the defendant's care of the case. It was not shown that the condition of the plaintiff after defendant's operation, which necessitated subsequent operations and their attendant pain and suffering, was caused by or due to the alleged negligence of the defendant. That the removal of her infected tonsils resulted in the plaintiff's serious illness could not make the defendant liable in damages unless it was proved that her subsequent condition was

caused or contributed to by some negligence on his part; and the evidence contained no such proof.

For this reason the court below was justified in entering judgment non obstante veredicto for the defendant and we need not discuss the question whether the alleged negligence of the defendant was sufficiently established.

The assignments of error are overruled and the judgments are affirmed.